## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

BEYOND SYSTEMS, INC.

      Plaintiff

    v.

KEYNETICS, INC., et al.,

Civil Action No. PJM 04-686

## DEFENDANT KEYNETICS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(4) & (5)

### I.     INTRODUCTION

Pursuant to Rules 12(b)(4) & (5) of the Federal Rules of Civil Procedure, Defendant Keynetics, Inc. ("Keynetics") hereby requests that the Court dismiss this case for insufficient process and insufficient service of process or, in the alternative, that the Court order Plaintiff Beyond Systems, Inc. ("BSI") to effect valid service of process on Keynetics.

### II.     BACKGROUND

On February 9, 2004, an envelope addressed to "Keynetics, Inc." was delivered by certified mail at Keynetics's headquarters in Boise, Idaho.  See Rouse Decl. at ¶ 2.  The envelope was not addressed to a particular individual at Keynetics and delivery was not "restricted" to any particular addressee.  See id. at ¶6.  An unknown employee signed for the delivery at Keynetics' reception area.  See id. at ¶ 3.

DEFENDANT KEYNETICS, INC.'S
MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(4) & (5) -
Seattle-3215532.1 0041629-00015

1

The envelope contained a cover letter and the state court summons and complaint.  See id. at ¶ 4.

The cover letter, summons and complaint all identify "David G. Kujawski" as the individual to be

served at Keynetics.  See id. at ¶ 7; Latsinova Decl., Exh. A.  Mr. Kujawski, however, is not a present or

former officer, director or employee of Keynetics.  See Rouse Decl. at 8.


Keynetics removed this case from the Maryland State Circuit Court for Montgomery County to

this Court on March 8, 2004.  See Latsinova Decl., Exh. B.


### III.    DISCUSSION

"Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526

U.S. 344, 350, 199 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).  Absent proper service of process, a court

lacks jurisdiction over the defendant.  See id.


In cases removed to federal court, state law governs the validity of service of process prior to

removal.  See Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir. 1972); Oiler v.

Biomet Orthopedics, Inc., No. Civ.A.02-3778, 2003 WL 22228574, at *1 (E.D. La. Sept. 25, 2003).

Because this case was commenced in Maryland state court, Plaintiff's attempt to serve process on

Keynetics prior to removal is governed by Maryland law.


Maryland requires strict compliance with the rules governing service of process.  J. Whitson

Rogers, Inc. v. Hanley, 319 A.2d 833, 838-39 (Md. Ct. Spec. App. 1974).  Actual notice of the pendency

of an action is insufficient to cure defective service.  <u>Lohman v. Lohman</u>, 626 A.2d 384, 392 (Md. 1993)

("[W]e have repeatedly held that defective service of process is a jurisdictional defect . . . and actual

knowledge of the proceedings on the part of the defendant will not cure that defect . . . .") (internal

citations omitted).[1]

　　　　　Under the Maryland Rules,

> [s]ervice is made upon a corporation . . . by serving its resident agent,
> president, secretary, or treasurer.  If the corporation . . . has no resident
> agent or if a good faith attempt to serve the president, secretary, or
> treasurer has failed, service may be made by serving the manager, any
> director, vice president, assistant secretary, assistant treasurer, or other
> person expressly or impliedly authorized to receive service of process.

Md. Rule 2-124(d).  An individual authorized to receive service of process under Maryland Rule 2-

124(d) may be served by certified mail with restricted delivery, <u>i.e.</u>, delivery to the addressee or the

agent of the addressee only.  <u>See</u> Md. Rule 2-121(a).

　　　　　In <u>Quann v. Whitegate-Edgewater</u>, 112 F.R.D. 649 (D. Md. 1986), the plaintiff attempted to

serve a foreign partnership by mail pursuant to Maryland Rules 2-121(a) and 2-124(d).[2]  On facts similar

to this case, the court held that service of process was insufficient:

---

[1] Federal courts follow the same rule.  <u>See</u>, <u>e.g.</u>, <u>Adams v. AlliedSignal Gen. Aviation Avionics</u>,
74 F.3d 882, 886 (8th Cir. 1996) (absent proper service of process, "the district court lacked jurisdiction
over that defendant whether or not it had actual notice of the lawsuit").

[2] <u>Quann</u> was decided before the Maryland Rules were renumbered pursuant to the 2002
amendments.  The case therefore refers to Maryland Rule 2-124(c), which then contained provisions
substantially identical to current Maryland Rule 2-124(d).

> [D]espite the fact that service was apparently accepted by Sandra Crowe, the building manager, that attempted mail service upon the partnership and upon one of the partners, defendant Schlesinger, was nevertheless insufficient under Maryland law.  First, the certified mailing did not request "Restricted Delivery", as required by Maryland Rule 2-121(a). . . .
>
> Second, Ms. Crowe is not a designated agent for service of process.  Nor has plaintiff demonstrated that Ms. Crowe was any of the persons listed in Maryland Rule [2-124(d)] . . . .

Id. at 654-55.

Here, Mr. Kujawski is unknown to Keynetics; he is not a present or former officer, director, employee, affiliate or agent.  See Rouse Decl. at ¶8.  It is therefore impossible for Plaintiff to establish that process was properly directed to one of the individuals authorized to receive process on behalf of a corporation under Maryland Rule 2-124(d).  Moreover, Plaintiff did not even indicate that Mr. Kujawski held one of the positions enumerated in Maryland Rule 2-124(d), e.g., by indicating that the delivery was intended for the "president" or "secretary" of Keynetics.  See id. at ¶¶ 6-7.  Indeed, the envelope containing process was only addressed to "Keynetics, Inc."  See id. at ¶ 2.  Thus, unlike Quann, where process was properly addressed but delivered to the wrong person, Plaintiff did not direct process to an appropriate individual and failed to even indicate the supposed position of such individual at Keynetics.

Plaintiff also failed to properly serve the defective process.  As in Quann, Plaintiff attempted to serve Keynetics by certified mail but failed to restrict delivery, as required under Maryland Rule 2-121(a).  See id. at ¶ 6.  Thus, even if process had been properly addressed, the method of service was defective.

DEFENDANT KEYNETICS, INC.'S
MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(4) & (5) -
Seattle-3215532.1 0041629-00015

4

In short, Plaintiff's attempt at service of process was fundamentally flawed and, until properly served, Keynetics is not properly before the Court.

## IV.   CONCLUSION

For the foregoing reasons, Keynetics requests that the Court dismiss this case without prejudice or, in the alternative, order Plaintiff to properly serve Keynetics pursuant to Rule 4 of the Federal Rules of Civil Procedure.  See 28 U.S.C. § 1448.

Respectfully submitted,


_____/s/_____

Susan L. Schor
D.Md. Bar No. 22499
McManus, Schor, Asmar & Darden, L.L.P.
1301 Connecticut Ave., N.W.
Sixth Floor
Washington, D.C. 20036
(202) 296-9260

Richard W. Goeken
Saltman & Stevens, P.C.
Suite M-110
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140

Rita V. Latsinova
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, Washington 98101-3197
(206) 386-7613

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEYOND SYSTEMS, INC.

        Plaintiff

      v.

KEYNETICS, INC., et al.,

Civil Action No. PJM 04-686

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2004, a copy of Defendant's Motion to Dismiss, the attached

Declarations and a Proposed Order of Court, which were electronically filed in this case on March 15,

2004, were mailed via first class mail, postage prepaid, to Stephen H. Ring, 316 East Diamond Avenue,

Suite 102, Gaithersburg, MD 20877.

                                      /s/
                               Susan L. Schor
                               D.Md. Bar No. 22499
                               McManus, Schor, Asmar & Darden, L.L.P.
                               1301 Connecticut Ave., N.W.
                               Sixth Floor
                               Washington, D.C. 20036
                               (202) 296-9260
                               Fax (202) 659-3732

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEYOND SYSTEMS, INC.

       Plaintiff

   v.

KEYNETICS, INC., et al.,

Civil Action No. PJM 04-686

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2004, a copy of Defendant's Certificate of Service which was electronically filed in this case on March 15, 2004, and which certifies service of Defendant's Motion to Dismiss, the attached Declarations and a Proposed Order of Court, was also mailed via first class mail, postage prepaid, to Stephen H. Ring, 316 East Diamond Avenue, Suite 102, Gaithersburg, MD 20877.

                                _____/s/_____
                                Susan L. Schor
                                D.Md. Bar No. 22499
                                McManus, Schor, Asmar & Darden, L.L.P.
                                1301 Connecticut Ave., N.W.
                                Sixth Floor
                                Washington, D.C. 20036
                                (202) 296-9260
                                Fax (202) 659-3732

DEFENDANT KEYNETICS, INC.'S
MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(4) & (5) -
Seattle-3215532.1 0041629-00015

                   7