**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**PETER J. MESSITTE**                                                                          6500 CHERRYWOOD LANE
**UNITED STATES DISTRICT JUDGE**                                                   GREENBELT, MARYLAND  20770
                                                                                                                    301-344-0632

M E M O R A N D U M

TO:              Counsel of Record

FROM:         Judge Peter J. Messitte

RE:              <u>Beyond Systems, Inc. v. Keynetics, Inc. et al.</u>
                   Civil Case No. PJM 04-686

DATE:         August 22, 2006

******

      The Court has received Defendants Rackspace, Ltd. and Macro Holding, Inc.'s Motion for Rule 54(b) Certification, and Plaintiff Beyond Systems, Inc.'s Response thereto.  As discussed below, the Court DENIES Defendants' Motion.

      On February 14, 2006, the Court granted the Motion to Dismiss of Rackspace, Ltd. and Macro Holding, Inc. (collectively "Rackspace") on the ground that Rackspace, as an interactive computer service provider, has immunity from the claims of Beyond Systems, Inc. ("BSI") pursuant to §230(c) of the federal Communications Decency Act.  On May 22, 2006, the Court denied BSI's Motion for Reconsideration.  Rackspace now requests an order directing entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

      Federal Rule of Civil Procedure 54(b) governs the effect of district court orders dismissing claims against fewer than all defendants in a civil action.  The Rule provides that an order that determines the rights or liabilities of some, but not all, parties is not a final judgment unless the Court certifies as final a judgment by making an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).  A court's certification pursuant to this Rule is appropriate *only* if (1) the court is satisfied that the judgment is "final" in the sense that it is an "ultimate disposition of an individual claim entered in the course of a multiple claims action," *Braswell Shipyards, Inc. v. Beaser East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993), and (2) the court has performed a "case-specific" analysis to determine whether there is no just reason for delaying the entry of final judgment as to some, but not all, claims or parties.  "Rule 54(b) certification is . . . the *exception* rather than the norm.  It should neither be granted routinely, nor as an accommodation to counsel." *Id*. (emphasis added.)  As with most other motions, "the burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Id*.

      Rackspace argues that the Court's Orders on the Motion to Dismiss and Motion for Reconsideration dispose of all claims against Rackspace and there is no just reason for delaying the

entry of final judgment. In support it asserts, *inter alia*, that BSI's claim against Rackspace bears only a tangential relationship to its claim against the other defendants; that the eventual outcome as to the other defendants will have no impact on Rackspace; that the Court's ruling on preemption of MCEMA claims do not apply to the other defendants; that the lack of finality of the Court's dismissal of Rackspace compromises the immunity afforded Rackspace under federal law; and that providing for the immediate appeal of the Court's holding will likely prevent the waste of judicial resources in other courts presented with these same issues.

In response, BSI argues that a "just reason" does not exist for this request. It states that future developments stemming from the recently obtained discovery may raise issues requiring further judicial review of its claim against Rackspace; that if Rackspace were granted finality of judgment, BSI would be forced to face piecemeal appeals given the novelty of the legal issues presented; and that Rackspace has shown no reason that delay would lead to any economic or other hardship.

The Court need not rule on the merits of BSI's arguments as the burden remains with Rackspace to demonstrate to the Court that the requested relief is appropriate. At this time, the Court finds no "just reason" to enter final judgment as to the claim against Rackspace while the other claims remain pending in this case. An order pursuant to Rule 54(b) "must be reserved for the ***unusual case*** in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants" for an early and independent judgment as to a particular party. *Id.* (emphasis added.) Here the claims against Defendants are closely intertwined and any appeals by the parties would be more appropriately taken together rather than piecemeal. Rackspace has shown the Court no good reason to conclude otherwise.

Accordingly, Defendants' Motion for Rule 54(b) Certification [Paper No. 136] is DENIED.

Despite the informal nature of this ruling, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE