# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

October 5, 2006

**VIA ELECTRONIC FILING**

Stephen H. Ring, Esq.
Stephen H. Ring, P.C.
O.B.A. Federal Savings Bank Building
20300 Seneca Meadows Pkwy., Ste. 200
Germantown, MD 20876

Alfred Day, Esq.
Stoel Rives, L.L.P.
600 University St., Ste. 3600
Seattle, WA 98101

Richard W. Goeken, Esq.
Saltman and Stevens, P.C.
1801 K St. N.W., Ste. M110
Washington, DC 20006

Stevan D. Phillips, Esq.
Stoel Rives, L.L.P.
600 University St., Ste. 3600
Seattle, WA 98101

Re:     Beyond Systems, Inc. v. Keynetics, Inc., et al.
        Civil Action No. PJM 04-686

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Plaintiff's September 22, 2006 Letter Motion to Compel Discovery of Identification of Information regarding Defendants' Affiliates ("Plaintiff's Motion") (Docket Item No. 176). The Court has reviewed Plaintiff's Motion and the opposition thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  The Court hereby GRANTS Plaintiff's Motion.

In light of the Court's Order of September 26, 2006, Defendants in large measure have agreed to produce most of the information sought in Plaintiff's Motion.  The only remaining issue is the disclosure of contact information for non-Maryland terminated Affiliates who have had no involvement with the e-mail messages received by Plaintiff.  Given the Court's previous explanation that it views the current jurisdictional discovery to encompass the activities of Affiliates and how the conduct of Affiliates may show a jurisdictional nexus between Defendants and this forum, the Court hereby orders Defendants to produce the required contact information for these terminated non-Maryland Affiliates who have conducted Keynetics related business in Maryland.  Upon receipt, Plaintiff is free to make contact with said Affiliates, but said contact shall be initiated in writing in the form approved by the parties and the Court.  Plaintiff shall not disclose information subject to the Court's protective order to said Affiliates, with the exception that Plaintiff may share identification or transactional information as it relates solely to said Affiliate.  As with all such contacts, Plaintiff is obligated to disclose that the Court has not yet determined jurisdiction over Keynetics, Keynetics denies the allegations of Plaintiff's lawsuit,

*Beyond Systems v. Keynetics*
October 5, 2006
Page 2 of 2

and that counsel's initial letter is being issued pursuant to court-ordered discovery.  The other
general conditions of the Court's Order of September 29, 2006, also apply to said
communications.

      The Court finds that the award of attorneys fees and or expenses would be unjust under
these circumstances.  Defendants are required to make the required disclosures forthwith.
Despite the informal nature of this ruling, it shall constitute an Order of the Court, and the Clerk
is directed to docket it accordingly.

      Very truly yours,


      /s/
      Charles B. Day
      United States Magistrate Judge


CBD/bab